Dear Mr. Plaisance:
You advise that Act 882 of the 1992 Regular Session of the Louisiana Legislature, LSA-R.S. 42:874(A)(11), authorizes and directs the Board of Trustees of the State Employees Group Benefits Program (the Board) to administer or provide for the administration of an Internal Revenue Service qualified Cafeteria plan to be developed, negotiated, and implemented by the Board. The Board has contracted with Fringe Benefits Management Company (FBMC) for administration of all aspects of the cafeteria plan, including medical reimbursement program options.
You further advise that in a recent meeting with the Commissioner of Administration to discuss implementation of the medical spending accounts, the Commissioner requested written clarification from the Attorney General on two issues, namely, (1) that the Board of Trustees of the State Employees Group Benefits Program may implement a medical spending account utilizing a third party administrator, and (2) the implementation of a medical spending account in this manner will not create liability on the part of the State of Louisiana or the Division of Administration for making payments required by federal law.
Your questions are prompted by constitutional concerns under Article VII, Section 14(A) of the Louisiana Constitution of 1974 as that provision prohibits a state employer from advancing money on behalf of an employee prior to that money being earned by the employee. LSA-Const. Art. VII, Section 14(A) provides, in part:
 "Prohibited uses. Except as otherwise provided by this Constitution, the funds, credit, property, or things of value of the State or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
You state your concern is raised by the fact that federal law requires the state to pay up front the balance due for unreimbursed medical expenses, where the employee has not yet earned the dollars advanced. In the scenario you propose to cure this problem, FBMC would be hired as a third party administrator to implement the plan. There would be no impermissible expenditure of state funds, as state employees would pay for a special fund to be used in meeting the requirements of federal law. The risk of covering any outstanding balance would be assumed by FBMC, if the fund should be depleted, thereby avoiding potential liability on behalf of the state.
In accord is Opinion 94-542, a copy of which is attached, in which this office recognized the legality of a similar plan which has already been implemented by Louisiana State University.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: April 16, 1996 Date Released: April 19, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL